LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

YOSSELIN GONZALES,
on behalf of herself and
FLSA Collective Plaintiffs,

          Plaintiff,

   v.

TUT'S HUB CORP. d/b/a EGYPT ROYAL CUISINE,
BEIRUT FLAME INC. d/b/a LAYALI BEIRUT,
KHALED ABDELHALEEM and NABIL ZEBIB

          Defendants.

_____

Case No.:

**COLLECTIVE ACTION**
**COMPLAINT**

**Jury Trial Demanded**

     Plaintiff, YOSSELIN GONZALES (hereinafter, "Plaintiff"), on behalf of herself and FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Complaint against Defendants, TUT'S HUB CORP. d/b/a EGYPT ROYAL CUISINE, BEIRUT FLAME INC. d/b/a LAYALI BEIRUT, KHALED ABDELHALEEM and NABIL ZEBIB (each individually, "Defendant", or collectively, "Defendants"), and state as follows:

## INTRODUCTION

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343.

3.  Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

4.  Plaintiff, YOSSELIN GONZALES, is a resident of Queens County.

5.  Upon information and belief, Defendant TUT'S HUB CORP. d/b/a Egypt Royal Cuisine is a domestic business corporation organized under the laws of New York, with a principal place of business, and an address for service of process, located at 30-91 Steinway Street, Astoria, NY 11103.

6.  Upon information and belief, Defendant BEIRUT FLAME INC. d/b/a Layali Beirut is a domestic business corporation organized under the laws of New York, with a principal place of business, and an address for service of process, located at 25-60 Steinway Street, Astoria, NY 11103.

7.  Upon information and belief, Defendant KHALED ABDELHALEEM is a principle of Corporate Defendants TUT'S HUB CORP. and BEIRUT FLAME INC. Defendant KHALED ABDELHALEEM exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective

Plaintiffs, he exercised their power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

8.   Upon information and belief, Defendant NABIL ZEBIB is the Chairman and Chief Executive Officer of Corporate Defendants TUT'S HUB CORP. and BEIRUT FLAME INC.. Defendant NABIL ZEBIB exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised their power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

9.   At all relevant times, each of the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

11. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons (including, but not limited to delivery persons, dishwashers, waiters, runners, food preparers, cooks, cashiers and general helpers) employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

3

procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium at the rate of one and one-half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

15. In or around June 2017, Plaintiff, YOSSELIN GONZALES, was hired by Defendants and/or their predecessors, as applicable, to work as a dishwasher and delivery person for Defendants' "Egypt Royal Cuisine" restaurant located at 30-91 Steinway Street, Astoria, NY 11103.  Plaintiff was also required to work at Defendants' "Layali Beirut" restaurant located at 25-60 Steinway Street, Astoria, NY 11103 on an as-needed basis.

16. Plaintiff YOSSELIN GONZALES worked for Defendants until in or around June 2018.

17. During her employment, Plaintiff YOSSELIN GONZALES regularly worked over forty (40) hours per week and worked for over ten (10) hours per day.

18. Specifically, Plaintiff worked from 3:00 p.m. to 1:00 a.m. for 6 days a week, without a lunch break, for a total of sixty (60) hours per week.

19. Throughout his employment, Plaintiff received his compensation on a salary basis, at a rate of $80 per day. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation.

20. Defendants did not implement a clock-in/clock-out system for their employees throughout the relevant period. At all relevant times, Plaintiff and FLSA Collective Plaintiffs were not required to clock in or out, and were not given access to a record of their hours worked per workweek.

21. Defendants willfully violated the FLSA and the NYLL by paying Plaintiff on a fixed salary basis, because Plaintiff is a non-exempt employee who must be paid on an hourly basis.

22. Other non-exempt employees worked similar hours as Plaintiff and also paid on a fixed salary basis, and therefore were not paid their proper overtime compensation.

23. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half).

24. Plaintiff retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

### STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

25. Plaintiff realleges and reavers Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce

5

within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

27. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

28. Upon information and belief, at all relevant times, Corporate Defendant TUT'S HUB CORP. d/b/a Egypt: Royal Cuisine had gross revenues in excess of $500,000.

29. Upon information and belief, at all relevant times, Corporate Defendant BEIRUT FLAME INC. d/b/a Layali Beirut had gross revenues in excess of $500,000.

30. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

31. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

32. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

33. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the

statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

34. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

35. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

36. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages, plus an equal amount as liquidated damages.

37. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, respectfully request that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid overtime compensation due under the FLSA;

d.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e.    An award of statutory penalties, and prejudgment and post-judgment interest;

f.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.    Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: February 28, 2019

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By:  _____/s/ C.K. Lee_____
        C.K. Lee, Esq. (CL 4086)